# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5079 | **DATE** | 10/16/2012 |
| **CASE TITLE** | Therkield vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court *sua sponte* dismisses without prejudice Counts VI and VII pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Defendant Norman is dismissed from this lawsuit. The claims against the City of Chicago and Defendant Officers remain pending in this court. Defendant Norman's motion to dismiss [18] is denied as moot.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

**I.  Background**

On July 28, 2010, Defendant Lonnie Norman, the landlord/owner of a residential rental building located at 1006-1008 West 68th Street, Chicago, Illinois, demanded that Plaintiff David Therkield move out of the unit that Therkield occupied. Plaintiff refused, and Defendant began to remove some of Plaintiff's personal items from the residence. According to Plaintiff, when he resisted, Defendant Norman attacked him with a baseball bat. Plaintiff alleges that as a result of the attack he suffered a broken arm.

Eventually, the Chicago Police Department was notified, and Defendant Officers Nicole Henkes and Nicolas Prazuch arrived shortly after the attack. According to Plaintiff's complaint, Defendant Officers "did not witness the attempted eviction or the attack." Plaintiff alleges that Defendant Officers did not properly investigate the incident and instead arrested and charged Plaintiff with assaulting Norman. Plaintiff was held at the Seventh District "lockup facility" from 5:30 p.m. on July 28 to 4:25 a.m. on July 29, 2010. Plaintiff alleges that after his arrest, Defendant Norman confiscated Plaintiff's personal property located in the unit and changed the locks.

On July 27, 2011, Plaintiff filed a complaint against Defendant Norman, the City of Chicago, and Defendant Officers, alleging false arrest under § 1983, false imprisonment, and malicious prosecution against Defendant Officers; respondeat superior and statutory indemnity against the City of Chicago; and a violation of Chicago's Residential Landlord Tenant Ordinance and assault and battery against Defendant Norman. The only basis for federal jurisdiction for the claims asserted against Defendant Norman is supplemental jurisdiction. 28 U.S.C. § 1367(a). The City of Chicago Defendants have answered, and Defendant Norman has moved to dismiss the two claims asserted against him.

| STATEMENT |
|---|

**II.     Analysis**

Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). Furthermore, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The burden of establishing jurisdiction lies with Plaintiffs. *Transit Express*, 246 F.3d at 1023. Under Rule 12(b)(1), a party may move to dismiss a claim (or, indeed, an entire lawsuit) on the ground that the Court lacks subject matter jurisdiction. Additionally, the Court has an independent "obligation to police subject matter jurisdciton sua sponte." *Pepsico Do Brasil, Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 847 (N.D. Ill. 2008).

Where a plaintiff pleads both federal and state law claims, supplemental jurisdiction is appropriate over the state law claims where the state law issues "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The "case or controversy" requirement is satisfied when the state and federal claims "derive from a common nucleus of operative facts." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007); see also *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). "A loose factual connection between the claims is generally sufficient." *Id*. (quoting *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995) and *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995)). However, it is not enough that the claims be tangentially related. *Hernandez v. Dart*, 635 F.Supp. 2d 798, 814 (N.D. Ill. 2009) (citing *Chaney v. City of Chicago.,* 901 F.Supp. 266, 270 (N.D. Ill. 1995)). Furthermore, the "facts linking state to federal claims must be 'operative,' *i.e.*, they must be 'relevant to the resolution of' the federal claims." *U.S. v. Clark*, 2010 WL 476637, *1 (N.D. Ill. Feb. 3, 2010) (citing *Berg v. BCS Financial Corp.,* 372 F. Supp. 2d 1080, 1093 (N.D. Ill. 2005)); see also *General Auto Serv. Station v. The City of Chicago,* 2004 WL 442636, *12 (N.D. Ill. Mar. 9, 2004) (state law claim that provided "factual background" for federal constitutional claim was not sufficiently related to give rise to supplemental jurisdiction). While "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties," a district court may exercise its jurisdiction when "judicial economy, convenience and fairness to litigants" so demands. *Gibbs*, 383 U.S. at 726. If a plaintiff's claims are "such that he would ordinarily be expected to try them all in one judicial proceeding," exercise of federal jurisdiction is appropriate. *Id.* at 725. A district court should also retain jurisdiction over supplemental claims when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

In his motion to dismiss, Defendant Norman's only argument is that because the CPD eventually arrived on the scene and concluded that Plaintiff, not Norman, should be arrested, Plaintiff's claims should be dismissed. Defendant fails to cite any case law in his brief, including the motion to dismiss standard. At this stage, the fact that Defendants Officers decided to arrest Plaintiff and not Defendant Norman would not warrant dismissal of Plaintiff's claims against Norman. Norman cannot avoid litigation on the merits simply because the officers sided with him during the incident in question. The suggestion that the motion should be granted for that reason alone is baseless and in need of no further discussion.

However, the question remains whether Plaintiff's federal claims against the City and Defendant Officers under 42 U.S.C. § 1983 are sufficiently related to the state law claims against Defendant Norman for supplemental federal jurisdiction to lie under 28 U.S.C. § 1367(a). The question before the Court is whether the state and federal claims are "so related" to each other "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As noted above, Defendant Officers and the City of Chicago are charged with false arrest under § 1983, false imprisonment, malicious prosecution, respondeat

superior, and statutory indemnity. Each of these counts arises solely out of the acts or omissions taken by the Defendant Officers on July 28, 2010 and July 29, 2010 as well as the officers' decision to prosecute Plaintiff for assault. Conversely, Plaintiff's claims against Defendant Norman are entirely state law claims. They seek redress for an alleged assault/battery and for a landlord-tenant dispute, neither of which Defendant Officers witnessed.

The Court concludes that the two sets of claims are not sufficiently related such that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Critically, none of the state claims shares the same or similar elements of proof as any of the federal claims—the sets of claims involve different "evidentiary and legal burden[s]." *Clark*, 2010 WL 476637 at *1; see also *White v. Addante*, 498 F. Supp. 2d 1109, 1112 (N.D. Ill. 2007) (federal and state claim did not share common nucleus of operative facts because they did not share common elements of proof); *Prudential-Bache Secs., Inc. v. Lisle Axis Assoc.*, 657 F. Supp. 190, 195 (N.D. Ill. 1987) ("'[o]perative fact,' as the term itself demonstrates, is a proof-oriented concept."); *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 998-99 (E.D. Mich. 1996) (noting that plaintiff's state and federal law claims all arose from defendant's efforts to collect a debt and that when "viewed from this broad perspective" the claims shared a common set of facts, but finding no supplemental jurisdiction because "upon closer inspection, it is apparent that [p]laintiff's state and federal claims do not share any of the same 'operative facts * * * the facts that are relevant to the resolution of [the federal claim] are completely separate and distinct from the facts that bear on [p]laintiff's state claims"). For example, in order for Plaintiff to succeed on his battery claim against Defendant Norman, he must prove that: (1) Defendant Norman acted with intent to cause a harmful or offensive contact with Plaintiff, or to cause an imminent apprehension of such contact, and (2) a harmful contact with Plaintiff directly or indirectly resulted. *Blankenship v. Bridgestone Americas Holding, Inc.*, 467 F.Supp.2d 886, 894 (C.D. Ill. 2006) (citing *Cohen v. Smith*, 648 N.E.2d 329, 332 (Ill. App.Ct. 1995)). Likewise, the tort of assault is defined as an intentional, unlawful offer of corporal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the present ability effectuate the attempt if not prevented. *Benitez v. American Standard Circuits, Inc.*, 678 F. Supp. 2d 745, 767 (N.D. Ill. 2010) (citing *Parrish v. Donahue*, 443 N.E.2d 786, 788 (Ill. App. Ct. 1982)). The proof required to succeed on these theories does not overlap in any way with any of elements of the claims against the Defendant Officers–most notably, whether the officers had probable cause to arrest and prosecute Plaintiff based on what they knew at the time they arrived on the scene, after the eviction and attack had concluded. Furthermore, the landlord-tenant dispute between Plaintiff and Defendant Norman has nothing to do with whether the officers had probable cause at the time they arrested Plaintiff. Granted, the two sets of claims do share a common backdrop—the landlord-tenant dispute culminated in the events of July 28, 2010. However the claims share no "operative facts"—that is, facts relevant to the disposition of the claims. *Clark*, 2010 WL 476637 at *1; *General Auto Serv. Station v. The City of Chicago*, 2004 WL 442636, *12 (N.D. Ill. Mar. 9, 2004) (state law claim that provided "factual background" for federal constitutional claim was not sufficiently related to give rise to supplemental jurisdiction). In sum, the two sets of claims are analytically distinct. In fact, they are different cases.

Furthermore, the interests of "judicial economy, convenience and fairness to litigants" do not demand that both sets of claims be tried together in federal court. *Gibbs*, 383 U.S. at 726. Since, as explained above, the evidence required to prove the two sets of claims is materially distinct, Plaintiff will suffer minimal inconvenience, prejudice, and duplication of effort trying the state claims in state court. As the lawsuit is still in its early stages, the Court has not committed "substantial judicial resources" to the state claims such that dismissal will cause a substantial duplication of effort." *Wright*, 29 F.3d at 1251. Furthermore, it should be clear from the foregoing discussion that the "correct disposition" of the state law claims is not "so clear as a matter of state law that it could be determined without further trial proceedings and without entanglement with any difficult issues of state law" that considerations of judicial economy warrant retention and decision rather than relinquishment of the case

| STATEMENT |
|---|

to the state court. *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). To the contrary, given the obvious credibility determinations attendant with Plaintiff's claims, correct disposition of the claims against Defendant Norman will likely involve months of discovery, briefing, and potentially trial before they are resolved.

### III.    Conclusion

For these reasons, the Court concludes that Plaintiff's state law claims against Defendant Norman do not share the same operative facts as Plaintiff's claims against the City and Defendant Officers. Accordingly, the claims against the Defendant Norman (Counts VI and VII) do not lie within this Court's supplemental jurisdiction and must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). Pursuant to 735 ILCS 5/13-217, Plaintiff has the greater of one year or the remainder of the applicable limitations period to refile these claims in an Illinois court. Defendant Norman's motion to dismiss [18] is denied as moot.